JAMES P. PRALL ET AL., EXECUTORS, ETC., PLAINTIFFS-APPELLEES, v. WOODBRIDGE CERAMIC CORPORATION, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the appellant, *Russell E. & A. Dudley Watson.*

For the respondents, *Orlando H. Dey.*

PER CURIAM.

The judge of the Common Pleas awarded a summary judgment for the plaintiff over answer on the ground that the defendant had not by affidavit shown sufficient facts to entitle it to defend.

The suit was on a promissory note dated November 28th, 1927, made by the defendant to the order of the estate of Emily Prall, of which the plaintiffs are executors. The defense was two-fold. First, that the plaintiffs, after the making and delivery of the note, had written to the defendant a letter acknowledging receipt of a three months' note of $8,362.85 "in full for all claims against the Woodbridge Ceramic Corporation to January 23d, 1928." This, it is said, is a release of the note involved in the present suit which, up to the time of such letter, was admittedly in force. The proposition advanced for the appellant is that this letter indicates a complete settlement of all claims including the $11,000 note, although the evidence shows that there were

other transactions based on an entirely different consideration. We think it is sufficient to say that as the amount of the note was liquidated, an alleged accord and satisfaction in consideration of a less amount was devoid of force. *Chambers* v. *Niagara Fire Insurance Co., 58 N. J. L.* 216.

The other point made for the appeal sets up the following facts: That the consideration of the $11,000 note was a mortgage made by the Prall estate to a third party to secure moneys loaned to the defendant; that the defendant company was in a failing condition and in that situation a sale of all its stock to outside parties was arranged; that William H. Prall, one of the plaintiffs, was to supply two hundred of the four hundred shares, and two other individual owners were to supply one hundred shares each; that in and by the written agreement to which William H. Prall personally was a party, it was agreed that this note now in suit should not be demanded for payment within three years, provided interest is paid thereon on the dates when interest is due' on the above mortgage, and that such interest on said mortgage had been regularly paid. The difficulty about this naturally was that the undertaking was by William H. Prall personally and did not bind the estate, and also that the agreement was with the outside purchasers and not with the defendant. To this the defendant rejoins that Prall was acting as agent of the estate, that the estate ratified the agreement by transferring one hundred shares which it owned to carry out the agreement, and that said agreement was for the benefit of the defendant.

We are unable to seee that the transfer of the one hundred shares amounted to a ratification, and the only evidence, if it can be called evidence, of agency on the part of William H. Prall seems to be his own declarations, which are ordinarily incompetent and do not appear to be within the scope of his duty as an executor. Nor does the agreement show in any way that it was for the benefit of the defendant.

We agree with the court below that the defendant had not set up such facts as entitled it to defend the action; and consequently the judgment brought up will be affirmed.